# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES NICOLAIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14-CV-1936 CAS |
| | ) | |
| BALCHEM CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff Charles Nicolais's motion for leave to file an Amended Complaint. Defendant opposes the motion, which is fully briefed and ready for disposition. For the following reasons, plaintiff's motion for leave to file an Amended Complaint is granted.

Rule 15 of the Federal Rules of Civil Procedure governs amended and supplemental pleadings. Rule 15(a) provides in pertinent part:

(1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:

(A) 21 days after serving it, or

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

(2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Unless there is a good reason for denial, "such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-

moving party, or futility of the amendment, leave to amend should be granted." Thompson–El v. Jones, 876 F.2d 66, 67 (8th Cir.1989) (citing Foman v. Davis, 371 U.S. 178, 182, (1962)).

Defendant opposes plaintiff's motion to amend his Complaint because there is a fully-briefed motion to transfer venue pending. Defendant argues that the proposed Amended Complaint does not in any way impact the motion to transfer venue – an assertion which plaintiff disputes – and, therefore, the Court should deny without prejudice the motion to amend with leave to renew the motion after the Court has ruled on defendant's motion to transfer venue. The Court declines this invitation. Under the Rule 15(a) standard, the Court will allow the amendment. Here, there is no evidence that plaintiff moved to amend in bad faith or with dilatory motive. This is the first plaintiff has requested leave to amend his Complaint, and the amendment does not prejudice defendant, other than mooting its motion, which can be simply refiled. Pure Country, Inc. v. Sigma Chi Fraternity, 312 F.3d 952, 956 (8th Cir. 2002) (pending motions pertaining to the original complaint should be denied as moot). The Court grants plaintiff leave to amend his Complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Charles Nicolais's Motion for Leave to Amend Complaint is **GRANTED.** The Clerk of the Court shall detach and docket the Amended Complaint, which was submitted as an attachment to the Motion for Leave. [Doc. 22]

**IT IS FURTHER ORDERED** that defendant Balchem Corporation shall file its answer or response to the Amended Complaint within the time permitted by the Federal Rules.

**IT IS FURTHER ORDERED** that defendant Balchem Corporation's Motion to Transfer Case to United States District Court for the Southern District of New York is **DENIED as moot.** [Doc. 5]

**IT IS FURTHER ORDERED** that plaintiff Charles Nicolais's Motion for Leave to File Sur-Reply in Further Support of His Motion for Leave to File an Amended Complaint is **DENIED as moot.** [Doc. 36]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this __8th__ day of July, 2015.